FETTERHOFF *v.* GEE ET AL.

[No. 11,113. Filed October 26, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Relation of Master and Servant.—Evidence.—Sufficiency.—*In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), evidence *held* sufficient to show that three persons operating a saw-

mill were partners, and that applicant was an employe of the partnership. p. 491.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.— Harmless Error.—Admission of Evidence.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918), error, if any, in admitting certain conversations had in an effort to compromise applicant's claim was harmless, where the Industrial Board might have entirely disregarded such evidence and still have been justified in its conclusion. p. 491.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Samuel W. Gee against Ira Fetterhoff and others. From an award for applicant, the named defendant appeals. *Affirmed.*

*John Rynerson* and *George W. Long,* for appellant.
*E. E. Pruitt, Hanna & Hall* and *Pollard, Cartwright & Wason,* for appellees.

NICHOLS, P. J.—Action before the Industrial Board by appellee Gee against appellant and appellees Erb and Erb for compensation for an injury under the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918). The injury occurred November 15, 1918. There is no question as to the injury, or the extent of it, or as to whether appellant and Erb and Erb had due notice thereof. But appellant contends that as to him appellee Gee was not an employe, and that appellant was not an employer; that appellant himself was an employe, and if not, then that he was an independent contractor and loaned Gee to Erb and Erb, and that Gee, being a loaned employe, must be awarded his compensation from the employer to whom he was loaned. The business venture consisted of the operation of a sawmill, the property of appellee Joseph Erb, by an engine that was the property of appellant, which machinery was being moved from place to place doing custom sawing and sawing on contracts. The operating agreement was

originally between appellant and appellee Joseph Erb. At the time of the injury, the sawmill was owned by appellees Erb and Erb, and the engine by appellant. Appellees Erb and Erb were to furnish one-half of the help and appellant one-half, said appellees furnishing themselves, and appellant himself and one other man. There were supposed to be four men at work, and when there were that number the profits were divided fifty-fifty; but when appellant did not furnish a hand, the profits were divided forty-sixty. On the morning of the day of the accident, appellant was called away on account of the sickness of his daughter, and appellee Gee was employed to work in his place, and while so working was injured. When appellant informed appellees that he could not work that day, appellee Gee was present, and appellee Roy Erb said, "Maybe Sam would help us," and thereupon appellee Joseph Erb said that he would not hire any one for he had no insurance. Appellees Gee and Roy Erb and appellant then walked up to the engine, and in a short time appellee Gee came back and said, "I am going to help you." When money was collected appellee Joseph Erb divided it by giving his son twenty-five per cent. and appellant fifty per cent. or forty per cent., as the case might be. Once they sawed on the shares, and once they bought timber and sold the lumber. Appellant testified: "Whether the slabs from the sawing belonged to me and Erb depended on Mr. Erb's contract when he took the sawing. I got some of the slabs on the Spring place. I got some stove wood from down there on the Gee place and traded slabs for the stove wood."

We hold that the evidence is ample to sustain the board's finding that appellant and appellees Erb and Erb were partners and that the partnership was the 1, 2. employer of appellee Gee. If not, then as it seems to this court, the evidence would justify an in-

ference that appellee Gee was an employe of appellant rather than of appellees Erb and Erb. Such a finding would have been less favorable to appellant than the one from which he appeals. Appellant presents a question of error in admitting certain conversations in evidence, which conversations were had in an effort to compromise, but we hold that such error, if any, was harmless, for the board might have wholly disregarded such conversations and still it would have been fully justified in its conclusion.

The award is affirmed.